IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DELORIS SCOTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 17-0165-KD-MU |
| | ) |
| LAWANDA LAWSON, *et al.,* | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On April 19, 2017, Plaintiff Deloris Scott filed a *pro se* Complaint against several defendants arising from her eviction from her apartment in or about November of 2015. (Doc. 1). Plaintiff also filed a Motion to Proceed Without Prepayment of Fees. (Doc. 2). On April 20, 2016, because of deficiencies in her original filings, the Court ordered Plaintiff to refile her complaint and her motion on the forms provided by the Court. (Doc. 3). Plaintiff refiled her complaint and her motion to proceed in forma pauperis on May 8, 2017. (Docs. 3, 4). On May 26, 2017, Plaintiff was ordered to amend her motion to proceed in forma pauperis to provide more information concerning her financial status, which she did on June 13, 2017. (Docs. 6, 7). This case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action.

Because Plaintiff has included one claim, the claim against Defendant Pennelope Ann Slawkowski, over which this Court lacks subject matter jurisdiction, as detailed below, it is recommended that the claim against

Slawkowski be dismissed without prejudice prior to service of process. In addition, because Plaintiff has included one claim against a party who is immune from a suit for monetary damages, Defendant Mobile County Clerk's office, it is recommended that the claim against the Mobile County Clerk's office be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) prior to service of process. The remaining claims against Defendants Lawanda Lawson and the Mobile Housing Board, while potentially setting forth a claim for discrimination in violation of the Fair Housing Act, do not contain sufficient factual allegations, even under the Court's liberal pleading standards. By separate order, this Court has, *sua sponte*, granted Plaintiff leave to cure these deficiencies.

## **PLAINTIFF'S CLAIMS**

Plaintiff, who is proceeding *pro se,* has asserted claims against four defendants, Lawanda Lawson, the Mobile Housing Board, the Mobile County Clerk's office, and Pennelope Ann Slawkowski, for actions occurring during the fall of 2015. (Doc. 1 at pp. 4-8). Plaintiff alleges that Lawson, an employee of the Mobile Housing Board, singled her out by saying things about her, discriminated against her, and illegally evicted her while her case was still pending in court. (Doc. 4, p. 2 at ¶ 1). Plaintiff claims that the Mobile Housing Board is liable because it is the employer of Lawson. (Doc. 4, p. 2 at ¶ 2). Plaintiff's claim against the Mobile County Clerk's office is based on her allegation that the Clerk's office refused to accept funds that she tried to pay into escrow, which led to the eviction. (Doc. 4, p. 2 at ¶ 3). Finally, Plaintiff asserts a legal malpractice claim against Slawkowski, the attorney who represented her at the time. (Doc. 4,

p. 2 at ¶ 4). Plaintiff did not include the federal statute or constitutional provision she claims the defendants violated, but she does assert that her legal claim, at least as to Lawson and the Mobile Housing Board, is for "discrimination and illegal eviction."

## LEGAL CONCLUSIONS

Section 1915(e)(2) of the United States Code provides that, in a civil action in which the plaintiff is proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This screening process applies to non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis*. *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). When faced with a motion to proceed *in forma pauperis,* "the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious," fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Dycus v. Astrue*, No. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009) (quoting *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997)); *see also Payton v. Sec'y, Dep't of Homeland Sec.,* Case No.: 6:17-cv-812-Orl-18DCI, 2017 WL 2537253, at *1 (M.D. Fla. June 8, 2017).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-13 (11th Cir. 1997). Even so, "proceeding *in forma pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The Eleventh Circuit has held that an affidavit of poverty "should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338-40 (1948)). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id. (*citing *Adkins*, 335 U.S. at 339). "[T]he statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id*. (citing *Adkins*, 335 U.S. at 339-40).

As to the first prong, the Court finds that Plaintiff is unable to pay the costs of commencing this action. According to her motion, she receives $729 per month in social security benefits. (Doc. 7 at p. 3). She is disabled and unemployed, she is not married, she owns no assets, she has no money in the bank, she pays $370 per month in rent, and the remainder of the amount she receives is used for her living expenses. (Doc. 7 at pp. 1-3). She receives no financial support from family members or friends. (*Id*.).

The second prong requires the Court to determine whether the action is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff's claim against the Mobile County Clerk's office seeks monetary damages based upon her allegation that the Clerk's office refused to accept a payment she attempted to make that she apparently believes would have stopped or prevented her eviction. (Doc. 4, p. 2 at ¶ 3). "Under Alabama law, circuit court clerks' offices are considered state agencies." *Foster v. Etowah County Clerk's Office*, Civ. A. No. 4:14-cv-0687-AKK-HGD, 2015 WL 4999667, at *2 (N.D. Ala. Aug. 21, 2015) (citing Ala. Code § 12-17-80)). "The Eleventh Amendment affords the state constitutional immunity from suit and precludes an award of money damages." *Echols v. Hurst*, Case No. 3:16-cv-611-MHT-GMB, 2016 WL 6782777, at *3 (M.D. Ala. Oct. 6, 2016) (citing *Alden v. Maine*, 527 U.S. 706, 748 (1999)); *see also Foster*, 2015 WL 4999667, at *2 (holding that the "Office of the Etowah County Circuit Clerk is a state office to which [Eleventh Amendment] immunity extends") (citing *Williams v. Bennett*, 689 F.2d 1370, 1376 (11th Cir. 1982)). Accordingly, because Plaintiff "seeks monetary relief against a defendant who is immune from such relief," her claim against the Mobile County Clerk's office is due to be dismissed. 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff has also included a legal malpractice claim against her former attorney, Pennelope Ann Slawkowski. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute … which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal quotations omitted). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

      Federal jurisdiction in this case must rests upon 28 U.S.C § 1331, federal question jurisdiction, as it is clear from Plaintiff's complaint that there is no diversity of citizenship between the parties. Clearly, a legal malpractice claim governed by the Alabama Legal Services Liability Act does not arise "under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. However, in cases in which the district court has original jurisdiction, "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The district court may decline to exercise supplemental jurisdiction over a claim if it "raises a novel or complex issue of State law" or if it "substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. § 1367(c)(1) and (2). The court may also decline to exercise supplemental jurisdiction if, "in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c)(4).

The only possible federal claims alleged in this case are housing discrimination claims. *See* Doc. 4, p. 2 at ¶¶ 1, 2. The alleged legal malpractice claim against Slawkowski "is essentially a negligence claim under state law." *Hunter v. ABI*, No. 2:13-CV-661-WKW, 2014 WL 495359, at *10 (M.D. Ala. Feb. 5, 2014) (citing *McDuffie v. Brinkley, Ford, Chestnut, and Aldridge*, 576 So. 2d 198, 199 (Ala. 1991) (holding that "in a legal malpractice case a plaintiff must prove, basically, the same that must be proven in an ordinary negligence suit"). To prevail on a legal malpractice claim in Alabama, the plaintiff must prove that the attorney breached the standard of care set forth in § 6-5-580 of the Alabama Code, as well as causation and damages. *See* Ala. Code § 6-5-580; *see also Hunter*, 2014 WL 495359, at *10 (holding that to prevail on a legal malpractice claim, the plaintiff must show that the attorney owed a duty, breached the duty, and proximately caused injury as a result of the breach). In the instant case, "while the legal malpractice claim bears some attenuated, tangential connection to [Plaintiff's] federal claims" against the remaining defendants because it alleges that Slawkowski erred in her handling of the other defendants' eviction action against Plaintiff, "the legal malpractice claim requires proof of an entirely separate set of facts unrelated to the remaining defendants alleged misconduct," i.e., discrimination, and requires interpretation and application of a standard contained in a state statute. *See id*. Therefore, this Court finds that Plaintiff's legal malpractice claim against her former attorney, Slawkowski, is not "so related" to the federal claims "that they form part of the same case or controversy under Article III." *Accord id*. (finding that supplemental jurisdiction did not exist

7

over a legal malpractice claim because it did not arise from the same case or controversy as the federal claim). Therefore, because supplemental jurisdiction is lacking over the claim against Slawkowski, that claim is due to be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

Because this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff against Slawkowski, it is **RECOMMENDED** that all claims asserted against Slawkowski in this action be **DISMISSED** without prejudice, prior to service. Also, because the Mobile County Clerk's office is immune from a suit seeking only monetary relief, it is **RECOMMENDED** that all claims asserted against the Mobile County Clerk's office in this action be **DISMISSED** without prejudice, prior to service.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time

period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **June, 2017**.

/s/ P. Bradley Murray
**P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE**