### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **DELORIS SCOTT,** : | |
|     **Plaintiff,** : | |
| : | |
| v. : | **CIVIL ACTION 17-00165-KD-MU** |
| : | |
| **LAWANDA LAWSON,** *et al.*, : | |
|     **Defendants.** : | |

### ORDER

This matter is before the Court on review of the record.

*Pro se* Plaintiff Deloris Scott (Scott) initiated this action on April 19, 2017 and sought to proceed *in forma pauperis*. (Docs. 1. 4). On June 20, 2017, Scott was granted leave to amend her complaint, with specific instructions, by July 20, 2017. (Doc. 10). On July 20, 2017, Scott filed an amended complaint. (Doc. 11). On August 4, 2017, Scott's amended complaint was stricken as failing to comply with the rules governing pleadings standards for complaints, as detailed in Doc. 10, and per the Court's prior instructions. (Doc. 13). The Court stated:

> Plaintiff is **ORDERED** to file an amended complaint – in the correct form -- on or before **August 31, 2017.** Plaintiff is **ADVISED** that her new complaint will supersede any prior complaints; therefore, Plaintiff shall not rely upon or reference any prior complaints. Additionally, Plaintiff is **CAUTIONED** that failure to file an amended complaint within the prescribed time and in the correct form may result in the dismissal of her action for failure to prosecute and to obey the Court's Order.
>
> The Clerk of Court is **DIRECTED** to send to Plaintiff by U.S. Mail: 1) a copy of this Order; and 2) a copy of the Court's Pro Se Litigant Guide to assist Plaintiff in filing an amended complaint in the correct form.

(Doc. 13). On August 22, 2017, the order and materials mailed by the Court to Scott were returned as undeliverable; the Court then reconfirmed the correct mailing address and remailed the Order and materials to Scott. (Doc. 14). On August 31, 2017, a non-party filed a request to

voluntarily dismiss Scott's case "because this is not the correct court to judge my case." (Doc. 15). As noted in the Court's September 6, 2017 Order ruling on same (Doc. 16), that filing appeared to be an attempt to file a Rule 41(a)(1)(A)(i) request: "….plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed.R. Civ. P. Rule 41(a)(1)(A)(i). However, the filing was not been submitted by Scott. Instead, the filing was submitted – without explanation -- by non-party "Lowesntine Robinson for Deloris Scott. (power of attorney)." (Doc. 15). Additionally, no information was submitted to the Court as to this individual's ability to act as Scott's "power of attorney." As such, the Court noted in its order, denying the request, that while Scott may seek to voluntarily dismiss her case, *she* must be the one to do so and to the extent Scott wishes to voluntarily dismiss this case, she may file a Rule 41(a)(1)(A)(i) Notice of Dismissal requesting such action -- submitted, signed and filed by her. (Doc. 16). To date, nothing has been filed by Scott in response to the Court's order.

As explained in Carson v. World Marine of Ala., LLC, *Report & Recommendation*, 2017 WL 6508367, *1-2 (S.D. Ala. Nov. 30, 2017):

> District courts possess inherent power to sanction errant litigants before them, including the power to dismiss an action for failure to prosecute. *See, e.g., Hudson v. Cardwell Corp.,* 2006 U.S. Dist. LEXIS 55306, *3 (S.D. Ala. July 27, 2006) (Steele, J.). While "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed[,]" *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), this does not extend to a pro se litigant's failure to comply with federal procedural rules, local court rules, or orders of the court. See, e.g., *Brown v. Tallahassee Police Dep't*, 205 Fed. Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming sua sponte dismissal of pro se action for failure to prosecute or failure to obey a court order.). Federal Rule of Civil Procedure 41(b) expressly authorizes the involuntary dismissal of a claim due to a plaintiff's failure to abide by court orders or the Federal Rules of Civil Procedure. *See, e.g., State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) ("The Federal Rules expressly authorize a district court to dismiss a claim, including a counterclaim, or entire action for failure to prosecute or obey a court order or federal rule."). Moreover, the power of a court to dismiss a claim "is

inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id*.

***

Due to Plaintiff's failure to comply with this Court's Orders …. and failure to prosecute this action, and upon consideration of the alternatives that are available to this Court, it is RECOMMENDED that this action be DISMISSED pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no other lesser sanction will suffice. *Link v. Wabash R. R.,* 370 U.S. 626, 630…(1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); *World Thrust Films, Inc. v. International Family Entertainment, Inc.,* 41 F.3d 1454, 1456-57 (11th Cir. 1995).

As such, upon consideration, the Court finds that this case is due to be dismissed due to Scott's failure to comply with orders of this Court and the rules governing the filing of complaints, as previously set forth in Docs. 10 and 13. Specifically, per Doc. 13, Scott was cautioned that her failure to file an amended complaint, in the correct form and as ordered, by August 31, 2017, could result in dismissal of her case for failure to prosecute and to obey the Court's Order. Since that ruling, Scott has made no attempt to file an amended complaint in the correct form, nor has she sought Court assistance with same.

Accordingly, it is **ORDERED** that this action is **DISMISSED** under the Court's inherent power to manage its docket and pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as no lesser sanction will suffice.

**DONE** and **ORDERED** this the **3**rd day of **January 2018.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**